IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARIS DAVIS,

     Plaintiff,

    v.

DR. MURPHY, et al

     Defendants.

ORDER

Case No. 22-cv-203-wmc

Plaintiff Paris Davis has submitted a certified inmate trust fund account statement for the six-month period preceding the complaint in support of the pending motion to proceed without prepayment of the filing fee.

First, the court must determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the $350 fee for filing this case. In determining whether to allow a prisoner to proceed without prepayment, this court uses the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I find that plaintiff does not qualify as indigent and must prepay the $402 fee for commencing this action.

If plaintiff does not have enough money to make the initial partial payment from plaintiff's regular account, plaintiff should arrange with authorities to pay the remainder from plaintiff's release account.

With the complaint, plaintiff also filed a motion to use release account funds to pay the entire fee for filing this case. (Dkt. #3). However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner

should be able to withdraw money from a release account.  Plaintiff cannot use the release

account funds to pay the entire balance of the filing fee, and so plaintiff's motion will be denied.

ORDER

IT IS ORDERED that:

1.  Plaintiff Paris Davis' motion to proceed without prepayment of the filing fee, Dkt. #2, is DENIED.

2.  Plaintiff Paris Davis' motion for use of release account funds to pay the entire filing fee in this case (Dkt. #3) is DENIED.

3.  If by May 3, 2022, plaintiff fails to pay the $402 filing fee or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

4.  No further action will be taken in this case until the clerk's office receives the filing fee as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge