IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARIS DAVIS,

                Plaintiff,                OPINION AND ORDER

v.

                                          22-cv-203-wmc

DR. MURPHY and
JAMIE ADAMS,

                Defendants.

---

*Pro se* plaintiff Paris Davis is an inmate at New Lisbon Correctional Institution. He is proceeding on Eighth Amendment medical care claims against defendants for their alleged failure to adequately treat his shoulder injury and pain while he was incarcerated at the Wisconsin Secure Program Facility. Defendant Jamie Adams has answered, but defendant James Murphy has not yet been served.

Rule 4(m) requires service of the complaint and summons within 90 days after the complaint's filing, and that a suit be dismissed if service takes longer than 90 days. Davis filed his complaint on April 11, 2022, and the court issued its screening order granting him leave to proceed on August 5, 2022. (Dkt. ##1, 11.) Because Davis is not proceeding *in forma pauperis*, 28 U.S.C. § 1915(d) does not require that the court serve Murphy on Davis's behalf. In a September 2, 2022, order, the court directed the clerk's office to forward the summons, complaint, and a copy of the court's screening order to Davis to arrange for service on Murphy following a method approved under Federal Rule of Civil Procedure 4. The court also sent Davis instructions on how to serve a complaint by summons or by waiver and notice and request for waiver forms. (Dkt. #16.) The court denied Davis's

request to order the United States Marshals Service to serve Murphy on September 15, 2022, noting that summons, instructions, and forms had been mailed to Davis. (Dkt. #19.)

Even if the court counts none of this time against Davis, his 90-day period to serve Murphy expired on or about December 14, 2022. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1123 (7th Cir. 2022) ("[D]elay caused by screening under § 1915A is 'good cause' for belated service."). Nearly two months later, Davis has yet to file proof of service as to Murphy. In light of his *pro se* prisoner status, the court will give Davis a final opportunity to submit proof of service or provide good cause as to why he has been unable to do so. Davis's failure to respond by the deadline indicated below will result in dismissal without prejudice of his claims against Murphy under Rule 4(m).

Finally, the court received Davis's letter asking for advice on how to proceed after the court denied him leave to add a state-law claim against a new defendant. (Dkt. #25.) The court explained in its order why it would not exercise supplemental jurisdiction over that claim and allow Davis to include it in this case, and that he was free to pursue that claim in state court. (Dkt. #23.) The court cannot also advise Davis on what he should do in light of that decision. For now, Davis is still proceeding on his federal claims against Adams and Murphy in this court.

ORDER

IT IS ORDERED that plaintiff Paris Davis may have until **February 27, 2023**, to submit proof of service as to defendant Dr. James Murphy or provide good cause as to why he has been unable to do so. Davis's failure to respond by that deadline will result in dismissal without prejudice of his claims against Murphy under Federal Rule of Civil Procedure 4(m).

Entered this 6th day of February, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge