IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARIS DAVIS,

                              Plaintiff,                              ORDER

        v.
                                                                     22-cv-203-wmc
DR. JAMES MURPHY and
JAIME ADAMS,

                              Defendants.

        *Pro se* plaintiff Paris Davis is an inmate at the Wisconsin Secure Program Facility

("WSPF").  He alleges that a doctor and the Health Services Unit manager there failed to

adequately treat his should injury and pain.  After the court granted Davis leave to proceed

on Eighth Amendment medical care claims against defendants, the Wisconsin Attorney

General's Office accepted service on behalf of Adams but not Murphy, who is employed

by an outside agency.  (Dkt. #14.)

        The court denied Davis's request to proceed *in forma pauperis* and he has paid the

full filing fee.  (Dkt. #7.)  Because Davis is not proceeding *in forma pauperis*, he is

responsible for serving the summons and complaint on Murphy.  *See* 28 U.S.C. § 1915(d)

("officers of the court shall issue and serve all process . . . in [*in forma pauperis*] cases.").  On

September 2, 2022, the clerk's office issued and mailed summons to Davis for service on

Murphy, along with instructions on how to serve a complaint by summons or by waiver

under Federal Rule of Civil Procedure 4 and notice and request for waiver forms.  (Dkt.

#16.)

        Davis's 90-day period to serve Murphy expired on or about December 14, 2022.

On February 6, 2023, the court gave Davis three weeks to submit proof of service as to this defendant or provide good cause as to why he has been unable to do.  (Dkt. #26.)  In response, Davis explains that he sent the summons as addressed to WSPF, but it was returned to him unforwarded and that he does not have access to Murphy's home address or new place of employment, if any, because he is an inmate.

Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, this court has the discretion to order that service be made by the United States Marshals Service, even though plaintiff has paid the filing fee.  *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008).  However, because Davis was denied leave to proceed *in forma pauperis*, it appears that he may have the ability to pay for the cost of service.  The Marshals Service estimates that the cost of serving Murphy will be approximately $97.89, and could be more depending on the circumstances.  If Davis wishes the Marshals Service to serve the summons and complaint on Murphy, he must either (1) send a check payable to the U.S. Marshals Service for $97.89 or (2) file a motion for leave to proceed *in forma pauperis* accompanied by a certified copy of his inmate trust fund account statement for the six-month period immediately preceding his February 3, 2023, letter to the court requesting assistance with service.

After the court either receives a check from Davis for $97.89 or a trust fund account statement showing that Daivs is now indigent, the court will order the Marshals Service to serve Murphy.

ORDER

IT IS ORDERED that:

1) Plaintiff Paris Davis may have until **March 31, 2023**, to accomplish service on defendant Dr. James Murphy by one of the following three methods: (1) submit a check payable to the U.S. Marshals Service for $97.89; (2) file a motion for leave to proceed *in forma pauperis* and a trust fund account statement with the court for the period beginning approximately August 3, 2022, and ending February 3, 2023; or (3) file proof of service as to Murphy.

2) If, by **March 31, 2023**, plaintiff fails to respond to this order, the court will dismiss his claims against Murphy for his failure to serve him.

3) The clerk of court is directed to send plaintiff a copy of this order along with a copy of the court's instructions for effecting service of process.

Entered this 1st day of March, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge